IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
:
vs. : CRIMINAL NO. 1:CR-07-033
:
THOMAS A. TAYLOR,
    Defendant :

*M E M O R A N D U M*

*I.    Introduction*

On December 9, 2008, Defendant Thomas A. Taylor, an inmate at FCI - Englewood, located in Littleton, Colorado, filed a motion pursuant to 28 U.S.C. § 2255 (doc. 56). The Government filed an opposition brief in response to our Order to Show Cause. After review, we will deny the motion.

*II.    Background*

On June 14, 2007, Taylor pleaded guilty to two counts charging him with Mail Fraud in violation of 18 U.S.C. §§ 1341, 1342 and Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g)(1) & (2). (doc. 26). On December 11, 2007, he was sentenced to 46 months imprisonment and ordered to pay restitution in the amount of $29,096. (doc. 40). Taylor did not file an appeal. On October 23, 2008, on motion by the Government pursuant

to Rule 35(b) of the Federal Rules of Criminal Procedure, Taylor's sentence was reduced to 40 months imprisonment.

In his motion, Taylor raised four grounds for relief: (1) ineffective assistance of counsel, (2) errors in sentencing, (3) *Apprendi* violation, and (4) sentence entrapment. After an initial review, we granted Taylor leave to supplement his *Apprendi* claim because this ground for relief was vague and conclusory. We then reviewed his motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. Pursuant to Rule 4(b), we dismissed his sentence entrapment claim, and we initially dismissed his *Apprendi* claim due to his failure to supplement. We then issued an Order to Show Cause on his remaining claims. After receiving notice that Taylor did not receive our Order granting him leave to supplement, we allowed him more time to perfect his *Apprendi* claim. However, the deadline for doing so has come and gone. Therefore, we will consider the following grounds for relief: (1) *Apprendi* claim, (2) error in sentencing claim, and (3) ineffective assistance of counsel claim.

*III. Discussion*

    *A. Apprendi Claim*

As previously indicated, Taylor's *Apprendi* claim is vague and conclusory. Vague and conclusory allegations are

2

insufficient for a section 2255 motion. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *see also* Rule 2(b)(2) of the rules governing section 2255 proceedings ("[t]he motion must . . . "state the facts supporting each ground" for relief). A district court may dispose of such allegations without further investigation or grant leave to amend so that the defendant can supply the necessary specificity. *Thomas*, 221 F.3d at 437-438. We have granted the Defendant ample time to supplement his so-called *Apprendi* claim. As indicated earlier, he has failed to do so and we will deny this ground for relief without further investigation.

*B. Procedural Default and Sentencing Claims*

As noted, Taylor did not pursue a direct appeal of his conviction or sentence. The Government argues that Taylor procedurally defaulted his sentencing claim by not challenging its validity on direct review. In addition, the Government argues that any attempt by Taylor to withdraw his guilty plea is also procedurally defaulted.

By failing to pursue an appeal, Taylor's claims concerning his sentence, the presentence report, the Court's denial of a continuance of sentencing (and any supposed attempt to withdrawal his guilty plea) are procedurally defaulted unless he can show cause and prejudice to excuse the default. "It is well settled that a voluntary and intelligent plea of guilty made by an

accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)(citations omitted). Additionally, the validity of a guilty plea can only be attacked on collateral review if it was first challenged on direct review. *Id.* Failure to raise a claim on direct appeal results in procedural default of the claim, foreclosing collateral review unless the prisoner can show cause excusing the default and actual prejudice resulting from the errors. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993). A defendant may also overcome a procedural default if he can show that he is "actually innocent." *United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999)(citations omitted). Actual innocence, meaning factual rather than legal innocence, requires a defendant to establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 107 (quoting *Bousley*, 523 U.S. at 623).

The "cause" prong for an exception to procedural default requires a showing that "some objective factor external to the defense impeded counsel's efforts" to raise the claim. *Essig*, 10 F.3d at 979 (internal quotations omitted). To establish actual prejudice, a defendant must show "not merely that the errors at...trial created a possibility of prejudice, but that they

4

worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. It is well settled that a successful claim of ineffective assistance of counsel "satisfies the 'cause' prong of a procedural default inquiry." *Garth*, 188 F.3d at 107.

Taylor has raised ineffective assistance of counsel in his § 2255 motion. However, he did not directly appeal his sentence or conviction, and he offers no explanation as to why he did not appeal. Instead, his arguments allege that his attorney was ineffective at the plea and sentencing stages. These arguments go to the merits of whether his plea was knowing and voluntary, not to whether ineffective assistance "caused" his failure to challenge his guilty plea on direct review. *See Id*. Thus, Taylor fails to satisfy the "cause" prong of a procedural default inquiry.

The second exception to procedural default requires Taylor to establish that he is actually innocent. *Garth*, 188 F.3d at 106. Contrary to his assertion, the evidence indicates that it is more likely that not that a reasonable juror would have convicted him of the crimes as charged. We, therefore, conclude that Taylor is procedurally barred from challenging his guilty plea and sentence through a § 2255 motion. Thus, we will deny him relief on the above grounds.

*C. Ineffective Assistance of Counsel*

A claim for ineffective assistance of counsel, generally, is not procedurally defaulted if it was not raised on direct appeal. *Garth,* 188 F.3d at 107 n.11. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-prong test for ineffective assistance of counsel claims. A defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Id.* at 688.[1] For the prejudice prong, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

Taylor argues that his counsel was ineffective for failing to negotiate a favorable or more reasonable plea agreement, and that his counsel failed to raise 18 U.S.C. § 3553(a) issues. (doc. 57 at 17-18). Accordingly, Taylor claims these errors prevented him from entering a voluntary and knowing guilty plea.

Taylor's first ground for relief fails to show that counsel's representation fell below an objective standard of reasonableness. The record indicates that Taylor himself

---

[1] The court need not address both prongs if the defendant has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

6

initially solicited a plea agreement from the Government. Eventually he secured a plea agreement and two sentencing departures that resulted in a term of imprisonment 31 months below the 87 month term recommended in the presentence report. Thus, he received a favorable plea agreement that resulted in a term of imprisonment below the recommended guideline sentence. In our view, counsel's actions were objectively reasonable and we will deny this ground for relief.

Taylor has failed to meet his burden of showing that he was prejudiced by alleged attorney errors. Even if his counsel raised 18 U.S.C. § 3553(a) issues, he still would have been sentenced to 46 months. As we indicated earlier, his 46 month term of imprisonment was 31 months below the guideline sentence recommended in the presentence report. We find no errors in sentencing and Taylor cannot show that counsels' alleged ineffectiveness prejudiced him. Thus, his claim that his guilty plea was not voluntary and knowing fails, and we will deny his claim of ineffective assistance of counsel.

*IV. Certificate of Appealability*

We will also deny a certificate of appealability, based on the analysis in this Memorandum. However, Taylor is advised that he has the right for sixty (60) days to appeal our order denying his § 2255 motion, *see* 28 U.S.C. § 2253(a), and that our

7

denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

                                     /s/William W. Caldwell  
                                     William W. Caldwell  
                                     United States District Judge

Date: June 22, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
     Plaintiff
     :

vs. : CRIMINAL NO. 1:CR-07-033
     :

THOMAS A. TAYLOR,
     Defendant :

*O R D E R*

AND NOW, this 22nd day of June, 2009, upon consideration of Defendant's motion under 28 U.S.C. § 2255 (docs. 56, 57), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2255 motion is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                          /s/William W. Caldwell
                           William W. Caldwell
                           United States District Judge